**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THREE RIVERS DISTRIBUTING, LLC                                                          PLAINTIFF

v.                                          No. 4:10CV01513 JLH

ZERA A. ROUSSEL                                                                         DEFENDANT

**OPINION AND ORDER**

This is a declaratory judgment action in which Three Rivers Distributing, LLC, an Arkansas limited liability company, asks the Court to declare that it satisfied its debt to Southeastern Distributing Company, Inc., an Arkansas corporation, by making payments to a co-obligee, Charles Andrew Freeman, who was not only a co-obligee of Southeastern's but also the president and sole shareholder of Southeastern. Zera A. Roussel has a judgment against Southeastern. In attempting to collect on that judgment, she served a writ of garnishment upon Three Rivers, which answered saying that it was not indebted to Southeastern at the time of the garnishment. Roussel contends that Three Rivers was indebted to Southeastern at the time of the garnishment—hence the dispute. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Roussel is a citizen of Alabama and the amount in controversy exceeds $75,000.

Roussel has filed a motion asking the Court to abstain in favor of proceedings in the Circuit Court of Pulaski County, Arkansas, where the writ of garnishment was issued. Three Rivers contends that it would be improper for the Court to abstain in this instance. For reasons that will be explained, the Court believes that this is an appropriate case for abstention.

**I.**

Roussel and her husband owned a beer distributorship, which they sold to Compass Distributing Company, Inc., in 1993 for $620,000 to be paid in quarterly installments. In 1997,

Compass sold the distributing company to Southeastern, which assumed responsibility for paying the Roussels.

In 2001, Southeastern sold substantially all of the beer distributorship's assets to Three Rivers. Part of the sale included a noncompetition agreement in which Three Rivers agreed to pay Southeastern and Freeman, as co-obligees, $1,356,000 in ten annual installments of $135,600. Three Rivers paid the first eight payments directly to Freeman, at his direction, and Freeman did not pay any of those proceeds to Southeastern. According to an affidavit executed by Freeman on November 18, 2008, Southeastern has no property, real or personal.

According to Roussel, she has received no payments from Southeastern since March of 2003. In the spring of 2003, she and her husband learned that the beer distributorship had been sold to Three Rivers. She learned the name of the owner of Three Rivers, George O'Connor, and called him. She told O'Connor that Freeman and Southeastern owed her money for the purchase of the business and that Freeman had failed to notify her of the sale as required by the contract. According to her, O'Connor was uninterested in her claim.

In April 2005, Roussel commenced an action against Southeastern and Freeman in the Circuit Court of Pulaski County, Arkansas, Case No. CV2005-6476 ("the state court action"). With respect to Southeastern, the state court action was resolved through a consent judgment entered on November 3, 2008, in the amount of $362,900 plus interest to accrue at the rate of six percent per annum. Also on November 3, 2008, Freeman filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1] That petition had the effect of staying the proceedings against him in the

---

[1] Freeman's bankruptcy petition was docketed as Eastern District of Arkansas (Little Rock) Bankruptcy Petition No. 4:08-bk-16859. In ruling on the motions in this action, the Court takes judicial notice of the papers filed in that bankruptcy action.

Circuit Court of Pulaski County.

On February 9, 2009, a writ of garnishment was issued in the state court action to Three Rivers as the garnishee in an effort to collect on the consent judgment owed by Southeastern. Three Rivers answered the writ on February 11, 2009, stating that it was not currently indebted to Southeastern. Three Rivers also stated in its answer that it was to make future payments pursuant to a noncompetition agreement, and Twin City Bank of North Little Rock, Arkansas (which later became Centennial Bank), was making a claim as to those payments. Three Rivers stated that if the dispute between Roussel and Twin City Bank as to priority were not resolved by the time a future payment became due, Three Rivers would interplead the funds to permit the court to determine the priority of the claims on those funds between Roussel and Twin City Bank. On February 17, 2009, Twin City Bank filed a motion to intervene in the state court action, alleging that it had an assignment of and a perfected security interest in the proceeds of the noncompetition agreement pursuant between Three Rivers and Southeastern.

On February 27, 2009, Roussel filed a motion for relief from the stay in the bankruptcy action. On May 20, 2009, the bankruptcy court denied Roussel's motion for relief from the stay and directed that any adversary proceedings be commenced by July 20, 2009. The bankruptcy court ordered that the remaining payments owed by Three Rivers pursuant to the noncompetition agreement be paid into the registry of the bankruptcy court. Three Rivers then paid the last two payments totaling $271,200 into the registry of the bankruptcy court. On July 20, 2009, Roussel commenced an adversary proceeding, naming as defendants Freeman, Southeastern, Centennial

Bank, Three Rivers, and the bankruptcy trustee.[2] On May 3, 2010, Three Rivers filed a motion for summary judgment on Roussel's adversary complaint. On May 20, 2010, the bankruptcy court approved a confession of judgment by Freeman and granted Roussel a nondischargeable judgment against him for $50,000. Thereafter, on September 3, 2010, the bankruptcy court entered an order dismissing Three Rivers from the adversary proceeding for lack of jurisdiction. The bankruptcy court ruled that, because Freeman's portion of the adversary proceeding had been resolved, Roussel's claim against Three Rivers could have no conceivable effect on the debtor or the bankruptcy estate, which meant that the bankruptcy court had no jurisdiction over Three Rivers. On October 15, 2010, the bankruptcy court entered an order dismissing the adversary proceeding in its entirety without prejudice. That order directed the clerk of the bankruptcy court to transfer the funds in the registry of the bankruptcy court to the registry of the Circuit Court of Pulaski County to be disbursed in accordance with the orders of that court. That order also relaxed the automatic stay to allow Roussel and Centennial Bank to resolve all remaining issues regarding the disputed funds in the registry of the court and the disputed obligations under the noncompetition agreement.

Also on October 15, 2010, Three Rivers commenced this action, seeking a declaratory judgment declaring that it had fully satisfied its contractual obligations to Freeman and Southeastern. On October 20, 2010, Roussel filed an objection to the answer of Three Rivers as garnishee in the Circuit Court of Pulaski County. Three Rivers has informed the Court that the Circuit Court of Pulaski County is waiting for this Court to decide whether to abstain before going forward.

On the merits, the issue between Three Rivers and Roussel is whether Three Rivers satisfied

---

[2] The adversary proceeding was docketed as Adversary Proceeding No. 4:09-ap-01189. In ruling on the motions in this action, the Court takes judicial notice of the papers filed in that adversary proceeding.

4

its obligation to Southeastern by making the first eight of its annual payments to Freeman, as he directed. Three Rivers contends that Arkansas law provides that where two or more persons are joint creditors, the debtor may satisfy the obligation by paying either of them, citing *Lake v. Wilson*, 183 Ark. 180, 35 S.W.2d 597, 599-600 (1931), and Restatement (Second) of Contracts § 299, which Three Rivers quotes as saying, "any joint obligee, unless limited by agreement, has power to discharge the promisor by receipt of the promised performance or by release or otherwise, and tender to one joint obligee is equivalent to a tender to all." Roussel responds by arguing that Three Rivers has quoted only a portion of section 299. The entire provision states:

> Except where the promise is made in a negotiable instrument *and except as stated in section 300*, any joint obligee, unless limited by agreement, has power to discharge the promisor by receipt of the promised performance or by release or otherwise, and tender to one joint obligee is equivalent to a tender to all.

Restatement (Second) of Contracts § 299 (emphasis added). Roussel then cites Restatement (Second) of Contracts § 300(2), which provides:

> A discharge of the promisor in violation of his duty to a co-obligee of the same performance is voidable to the extent necessary to protect the co-obligee's interest in the performance, except to the extent that the promisor has given value or otherwise changed his position and without knowledge or reason to know of the violation.

Restatement (Second) of Contracts § 300(2). Roussel also cites to Comment (B) to § 300, which says:

> A promisor who participates in a breach of duty owed by one co-obligee to another cannot retain any advantage thereby obtained at the expense of the injured co-obligee unless he is in the position of a bona fide purchaser.

Roussel contends that Freeman's direction to Three Rivers that the payments be made to him, personally, rather than to Southeastern, was a breach of a duty that he owed to Southeastern. She

also argues that Three Rivers knew at least by the spring of 2003 that Freeman was not fulfilling his duty as a representative of Southeastern to ensure payment of Southeastern's legitimate debts before making distributions to himself, so the payments by Three Rivers to Freeman did not discharge the obligation that Three Rivers owed to Southeastern.

If Three Rivers is correct in its arguments on the merits, its answer to the writ of garnishment was accurate—at the time of the garnishment it owed Southeastern nothing, so there was nothing to be collected through the writ of garnishment (other than the final two payments totaling $271,000 that were paid into the registry of the Court). If Roussel is correct, the payments by Three Rivers to Freeman did not satisfy the obligation that Three Rivers owed to Southeastern, so the answer that Three Rivers gave to the writ of garnishment was inaccurate, which would mean that Three Rivers was indebted to Southeastern when the garnishment was severed, so there were funds that could be captured through the garnishment to satisfy Roussel's judgment against Southeastern.

## II.

Roussel has moved for the Court to abstain or dismiss the action, citing *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008). In that case, the Eighth Circuit noted that in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the Supreme Court held that a federal court should abstain from a case in which there are parallel state proceedings only for exceptional circumstances. *Royal Indem.*, 511 F.3d at 792 (citing *Colorado River*, 360 U.S. at 813). The Eighth Circuit then added:

> However, the test articulated in *Colorado River* for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act. Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act. This broader discretion arises out of the Declaratory Judgment Act's language that a court "*may* declare the rights

> and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has noted that it has repeatedly characterized the Declaratory Judgment Act as an enabling act which confers a discretion on the courts rather than an absolute right upon the litigant. In emphasizing the uniqueness of the Declaratory Judgment Act, the court commented that its textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface. Therefore, in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*.

*Royal Indem.*, 511 F.3d at 792-93 (internal quotation marks and citations omitted). The Eighth Circuit held that, in a proceeding under the Declaratory Judgment Act, a court has broad discretion to abstain if the parallel state proceeding presents the same issues, not governed by federal law, between the same parties. *Id*. at 793. The court must evaluate whether the claims of all of the parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, and whether such parties are amenable to process in that proceeding. After considering those factors, a federal court may abstain because ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where a parallel state court proceeding is pending. *Id*.

Three Rivers argues that there is no parallel state proceeding to this matter. That argument is based on Ark. Code § 16-110-133, which provides:

> (a) Upon the service of a summons upon any garnishee or after his or her failure to make a disclosure satisfactory to the plaintiff, the latter may proceed in an action against him or her by filing a complaint verified as in other cases and causing a summons to be issued upon it.
>
> (b) Thereupon, the proceeding may be had as in other actions and judgment may be rendered in favor of the plaintiff to subject the property of the defendant into the hands of the garnishee, or what shall appear to be owing to the defendant by the garnishee.

Three Rivers points out that Roussel has never filed a complaint and had a summons issued against it, so there is no proceeding in state court as contemplated by section 16-110-133.

Roussel, on the other hand, relies on Ark. Code § 16-110-405, which provides:

(a) If the garnishee files his or her answer to the interrogatories exhibited and the plaintiff deems the answers untrue or insufficient, he or she may deny the answer and cause his or her denial to be entered on the record.

(b) The court or justice, if neither party requires a jury, shall proceed to try the facts put in issue by the answer of the garnishee and the denial of the plaintiff.

Roussel contends that her objection to the answer of Three Rivers to the writ of garnishment is sufficient under this statute to enable the state court to conduct a trial, so there is a parallel proceeding currently pending.

The difficulty is that section 16-110-133 seems to require that the plaintiff file a complaint and have a summons issued in order to obtain a judgment against the garnishee, whereas section 16-110-405 seems to permit the plaintiff to obtain a trial merely by filing an answer denying the answers of the garnishee. Both parties have cited cases which they contend are on point and require the resolution of this procedural issue in their favor.

For purposes of determining whether there is a parallel proceeding pending in state court so that the Court has broad discretion in determining whether to abstain, the Court does not believe it is necessary to resolve this difficult issue of Arkansas garnishment procedure. Without resolving the dispute regarding Arkansas garnishment procedure, the Court believes that the issuance of the writ of garnishment, the answer to the writ of garnishment, and the objection to the answer, are sufficient to create a parallel proceeding in state court for purposes of deciding whether to abstain. Roussel is obviously before the state court as plaintiff and as garnishor. Three Rivers is before the

court as garnishee. The issue here is the same as the issue there, which is whether Three Rivers satisfied its obligation to Southeastern when it made payments to Freeman. That issue is governed by Arkansas law, not federal law. Another party claims an interest in the proceeds of the noncompetition agreement, *i.e.*, Centennial Bank, which is also before the state court. All of the claims of the parties can be satisfactorily adjudicated in state court.

The ultimate question that Three Rivers has asked this Court to decide in this declaratory judgment action is whether it owes money to Roussel by virtue of the writ of garnishment issued by the Circuit Court of Pulaski County in February of 2009. Three Rivers answered that writ of garnishment by stating that it at that time was not indebted to Southeastern. But for that writ of garnishment and the answer thereto, there would not have been an adversary proceeding in bankruptcy court nor would this declaratory judgment action have been necessary. There is no doubt that by virtue of her objection to the answer of Three Rivers, Roussel is pursuing the question in state court that Three Rivers hopes to have resolved here. Whether she has as yet placed the matter in the correct procedural posture for a trial in state court is a question that is best left to the courts of the State of Arkansas to decide. For purposes of deciding whether to abstain, the Court is satisfied that the garnishment proceedings in state court out of which this declaratory judgment action arises are parallel state proceedings. Consequently, the Court has broad discretion to abstain and believes that that discretion is best exercised by abstaining so that the court out of which the writ of garnishment issued can resolve the dispute as to whether the answer filed by Three Rivers to that writ of garnishment was an accurate answer.

Even if the proceedings in the Circuit Court of Pulaski County do not qualify as parallel state proceedings under precedent of the United States Supreme Court and the Eighth Circuit, this Court

still believes that abstention is proper. In *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994 (8th Cir. 2005), the Eighth Circuit followed the Fourth Circuit in holding that a federal court may abstain in the absence of parallel state proceedings based upon the following factors: (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceedings; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing, that is to provide another forum in a race for res judicata or to achieve a federal hearing in a case not otherwise removable. *Id*. at 998. *See also American Home Assur. Co. v. Pope*, 487 F.3d 590, 602 (8th Cir. 2007).

The first two factors weigh in favor of retaining jurisdiction in this case because there is no doubt that a declaratory judgment would serve a useful purpose in clarifying the legal relations between the parties and would afford relief from the uncertainty that gives rise to this action. The other factors weigh in favor of abstention. This action arises from a judgment entered by the Circuit Court of Pulaski County, Arkansas, and a writ of garnishment issued by that court for the enforcement of the judgment. The state of Arkansas has a strong interest in enforcing its own judgments and its own writs. The ultimate issue that Three Rivers asks this Court to decide is whether its answer to a writ of garnishment filed in Pulaski County Circuit Court was accurate. The

resolution of that issue depends on questions of state law. Southeastern was an Arkansas company. Resolution of the issue both in this declaratory judgment action and in the garnishment proceeding depends upon whether the president of that Arkansas company breached his duty under Arkansas law by directing that payments from Three Rivers be made to him, personally, rather than to Southeastern, while Southeastern was indebted to third parties and had no property, real or personal. Arkansas has a strong interest in deciding what duties are owned by officers and directors of Arkansas corporations. Permitting this action to go forward would result in unnecessary entanglement between the federal and state court systems because it would put this Court in the position of deciding the effect of the writ of garnishment issued by that court to Southeastern. It would be inappropriate for this Court to decide whether Three Rivers owes Roussel by virtue of the writ of garnishment issued out of the Circuit Court of Pulaski County when the court that issued the writ has that same issue pending before it. Moreover, the issue can be more efficiently resolved in Pulaski County Circuit Court because that court also will be deciding the priority between Roussel and Centennial Bank as to the funds in the registry of that court. As the bankruptcy court described it in dismissing the adversary proceeding in favor of proceedings in state court, the issues to be resolved include issues with respect to both the disputed facts (the $271,200 in the registry of the court) and the disputed obligations under the noncompetition agreement. Because Centennial Bank is a party to that proceeding but not this one, it will be more efficient for the state court to resolve these issues.[3]

---

[3] The Court also notes that, according to a second amended and supplemental complaint filed by Roussel on January 31, 2008, Roussel was a resident of White County, Arkansas, and Freeman was a resident of Pulaski County, Arkansas. Apparently Roussel has since relocated to Alabama, but it appears that all of the parties were Arkansans or Arkansas companies when the events at issue occurred.

11

For these reasons, the Court has concluded that it is better to abstain from deciding the issues presented by Three Rivers in its motion for declaratory judgment. The Court will dismiss this action without prejudice.

## CONCLUSION

For the reasons stated, this action is dismissed without prejudice. Three Rivers' motion for summary judgment is denied as moot.

IT IS SO ORDERED this 9th day of March, 2011.

*/s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE